MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 38
Docket:      Sag-16-100
Argued:      October 25, 2016
Decided:     March 7, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

DENISE K. LYNCH

v.

DANIEL G. LYNCH

JABAR, J.

[¶1] Denise K. Lynch appeals from a judgment (West Bath, *Dobson, J.*) dismissing her divorce complaint for lack of subject matter jurisdiction because a Swedish judgment divorcing the parties precluded litigation of the action in Maine. Because a review of the Swedish judgment, which is being appealed in Sweden, is premature, we affirm in part, and vacate in part.

## I. BACKGROUND

[¶2] The following facts are derived from Denise's complaint, and the documents submitted by the parties in conjunction with Daniel G. Lynch's motion to dismiss. *See Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 6, 751 A.2d 1024. In 1991, Denise and Daniel were married in Virginia Beach, Virginia. At the time of their marriage, Daniel was an active member of

the United States Navy, and from 1992-1995, 1997-2000, and 2003-2005, he served tours of duty in Brunswick, Maine. While on these tours of duty, Denise and Daniel resided at a home in Brunswick they acquired approximately one year after they were married. They own no other real estate. After completing his final tour of duty in Maine in 2005, Daniel moved with Denise and their two daughters to Belgium, where they remained until 2008, when they moved to Arlington, Virginia.

[¶3] A year after returning to the United States, Daniel, Denise, and their children moved to Sweden when Daniel was assigned as the naval attaché there. Daniel retired three years later, but remained in Sweden to accept a teaching position with the Sweden National Defense College.

[¶4] In the fall of 2013 Denise and Daniel separated. Denise returned to Maine in October 2013 to live in the Brunswick home that the couple had maintained as a rental property while they were living abroad, and Daniel remained in Sweden.

[¶5] Approximately three months after Denise's return to Maine, on January 27, 2014, Daniel initiated divorce proceedings in Sweden. He executed service of process via mail, and Denise received the summons and complaint on March 2, 2014. Denise responded to the complaint by objecting

to the proceedings and asserting that the Swedish court did not have personal jurisdiction over her. As provided by Swedish law, the Swedish court stayed the action for a six-month "reconsideration period," which commenced on March 14, 2014.

[¶6] On May 30, 2014, while the Swedish action was still in the reconsideration period, Denise initiated an action for divorce in the District Court. In her complaint, Denise sought: (1) dissolution of the parties' marriage; (2) a court order distributing marital property; (3) spousal support; and (4) an award of reasonable attorney fees.[1] Denise listed as marital property the Brunswick home, various investment and bank accounts, and Daniel's military pension.

[¶7] In response to the initiation of Denise's divorce action in Maine, Daniel moved to dismiss the complaint for forum non conveniens, arguing that Sweden, and not Maine, was the more appropriate forum to decide the merits of the case.[2] The court (*Ende, J.*) denied Daniel's motion to dismiss, noting that, although the Swedish divorce action commenced first, the Swedish court

---

[1] Denise's complaint also sought a determination of "parental rights and responsibilities regarding the minor child(ren), including child support." Since both of the parties' children have reached the age of majority, child support is no longer an issue.

[2] Daniel entered a special appearance for the sole purpose of seeking dismissal of Denise's complaint.

4

had not yet entered a final judgment and that Maine was the more convenient forum to determine, inter alia, "whether and how to divide the real property in Maine; and . . . how to divide the marital portion, if any, of [Daniel's] military pension."  Daniel subsequently filed an interlocutory appeal of the court's denial of his motion to dismiss.

[¶8]  While Daniel's appeal was pending before us, the Swedish court entered an order divorcing the parties and appointing an administrator to divide their assets.  In its order, the Swedish court acknowledged Denise's claim that the court lacked personal jurisdiction over her, but it nonetheless proceeded to adjudicate Daniel's complaint, noting that because it had jurisdiction over Daniel it was "competent to adjudicate . . . the divorce case," and that "[a]n issue concerning the spouses' economic relationship may be entertained by a Swedish court . . . if the issue is linked to a divorce case in Sweden." Following the entry of the Swedish divorce judgment, Denise sought and obtained leave to appeal the portion of the judgment appointing an administrator to divide the parties' assets, but was denied leave to appeal the portion of the judgment dissolving the marriage itself.  We have no information about the status of that appeal.

[¶9]   After the Swedish court entered the divorce judgment, and while Denise was seeking appellate review of that judgment in Sweden, Daniel moved for us to dismiss his pending interlocutory appeal, arguing that the Swedish court had entered a final judgment divorcing the parties, and therefore Denise's divorce action in the Maine court was moot.  We granted Daniel's motion to dismiss his appeal, but denied his request that we "instruct" the trial court to dismiss Denise's complaint.

[¶10]   On remand, Daniel again moved to dismiss Denise's complaint, and the court (*Dobson, J.*) granted that motion, concluding that "Denise had a full and fair opportunity to present her contentions concerning spousal support and enforceability of an earlier settlement agreement in [the Swedish] forum," the Swedish judgment was final, and recognition of its validity was "warranted pursuant to the doctrine of comity."  In addition, the court stated,

> [F]urther litigation may be necessary either in Sweden or the US or both to fully divide [the parties'] property or at a minimum, that a Swedish court will need to apply Maine law to any further division of property . . . .  It is unclear what route(s) would be available to accomplish this, [Denise] may be able to challenge any unfavorable property distribution order coming out of Sweden by challenging that court's jurisdiction over her and the Maine property.

6

[¶11] Denise timely appealed from the Maine court's judgment. *See* M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶12] Although Denise acknowledged at oral argument that the Swedish court had sufficient jurisdiction to divorce the parties, she argues nonetheless that the court erred in concluding that the Swedish judgment was a complete bar to her divorce action.

[¶13] Because divorces are "divisible" judgments, and because there is not yet a final Swedish judgment, our review of any portion of the judgment that goes beyond the granting of the divorce itself, including whether the Swedish court has competent jurisdiction[3] to appoint an administrator to divide the marital property, is premature.

[¶14] As mentioned previously, claims housed in a divorce complaint are divisible. *See Estin v. Estin*, 334 U.S. 541, 549 (1948). First introduced in *Estin*, the divisible divorce doctrine

> simply recognizes the court's limited power where the court has no personal jurisdiction over the absent spouse. In these circumstances the court has jurisdiction to grant a divorce to one domiciled in the state but no jurisdiction to adjudicate the incidents of the marriage, for example, alimony and property

---

[3] If the Swedish appellate court determines that a Swedish trial court does not have jurisdiction over the parties' property, there will be no need for a Maine court to make this determination.

> division. In short, the divisible divorce doctrine recognizes both the in rem and in personam nature of claims usually raised in dissolution of marriage proceedings.

*In re Marriage of Kimura*, 471 N.W.2d 869, 875 (Iowa 1991). In Maine, we have applied similar principles to establish that a trial court having personal jurisdiction over the plaintiff spouse but not over the defendant may enter a judgment dissolving the marriage but leaving "all property, spousal support, and parental issues to be litigated in a jurisdiction that might have personal jurisdiction over both the parties." *Von Schack v. Von Schack*, 2006 ME 30, ¶¶ 4, 25, 893 A.2d 1004 (quotation marks omitted).

[¶15] Because the discrete portions of a divorce action are divisible and therefore the jurisdictional foundation of each claim may vary, to determine whether the court erred in extending comity to the Swedish judgment in its entirety, we would have to determine—for each element of its judgment—whether the Swedish court was of competent jurisdiction to act. In conducting this analysis, we would utilize the jurisdictional standards applied in our courts. R.F. Chase, Annotation, *Domestic Recognition of Divorce Decree Obtained in Foreign Country and Attacked for Lack of Domicile or Jurisdiction of Parties,* 13 A.L.R. 3d 1419, 1424 (1967) ("[T]he tests of jurisdiction applied are ordinarily those of the United States rather than the divorcing country");

8

*see also Roy v. Buckley,* 1997 ME 155, ¶¶ 12-15, 698 A.2d 497 (analyzing the method of process utilized in a Canadian proceeding under our established principles of due process).

[¶16]  The only aspect of the parties' divorce proceedings that has been adjudicated in Sweden is the dissolution of their marriage.  Insofar as we can discern, the disposition of marital property and the determination of whether spousal support should be awarded have not yet been addressed.  Whether Sweden even has jurisdiction to divide the parties' marital property has been appealed and the judgment contains no reference to any claim for or decision concerning spousal support.  Therefore, although the District Court correctly determined that the Swedish judgment was entitled to comity insofar as it dissolved the parties' marriage, it was premature for the court to address issues of property distribution or spousal support.

[¶17]  Accordingly, we affirm the Maine court's judgment to the extent it dismisses the portion of Denise's complaint seeking dissolution of her marriage.  Because the claims set forth in her divorce complaint are divisible, however, we vacate the judgment insofar as it dismisses Denise's remaining claims for spousal support, division of marital property, and reasonable

attorney fees.  Upon conclusion of the appeal in Sweden, the Maine court will make a determination of its authority to address those remaining claims.

The entry is:

> Judgment vacated in part.  Remanded for further proceedings consistent with this opinion.

---

Matthew C. Garascia, Esq. (orally), Auburn, for appellant Denise K. Lynch

Catherine C. Miller, Esq. (orally), Miller Law and Mediation, LLC, Portland, for appellee Daniel G. Lynch

West Bath District Court docket number FM-2014-180
FOR CLERK REFERENCE ONLY